# RICHARD H. ROSENBERG
ATTORNEY AT LAW

217 BROADWAY
SUITE 707
NEW YORK, NEW YORK 10007

TEL: 212-586-3838
FAX: 212-962-5037
richrosenberg@msn.com

June 30, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2020

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Adrian Agostini*
      **00 CR-237-19 (VM)**

Dear Judge Marrero:

On June 24, 2020 the United States Court of Appeals for the Fourth Circuit published its opinion in *United States v. Albert Woodson*, No. 19-6976 (copy attached). That Court addressed a key, contested issue presented to this Court in our pending motion for a sentence reduction pursuant to the First Step Act of 2018 wherein the Government takes the position, in part, that Mr. Agostini is not entitled to such relief because his drug offense of conviction under 21 U.S.C.§841 (b) (1) ( C ) is not a "covered offense".

In *Woodson* the defendant pleaded guilty to a violation of 21 U.S.C.§841 (b) (1) ( C) for distributing 0.41 grams of crack of cocaine. He moved under the First Step Act (FSA) for a sentence reduction but the district court denied relief on the basis that the FSA did not apply to crack offenders sentenced under 841 (b) (1) ( C ). The Fourth Circuit disagreed holding that the FSA modified the statutory penalties of 21 U.S.C.§841 (b) (1) ( C ) as it pertains to crack cocaine offense and that trafficking in crack cocaine pursuant to that statute is a "covered offense" for purposes of the First Step Act.

The *Woodson* Court reasoned that although the FSA did not change the text of Subsection 841(B) (1) ( C ) it altered the amount of crack cocaine needed to trigger the mandatory minimum sentences of §841 (b) (1) (A) (iii) and (B)(iii) and thus restructured the weight requirements of the entire Subsection. Thus, the Court reasoned,"the Fair Sentencing Act 'modified' Subsection 841 (b) (1) ( C ) by altering the crack cocaine quantities to which its penalty applies." Prior to the FSA the penalty under that section applied to quantities of crack cocaine from zero to five grams. Post- FSA, the penalties under the section applied to quantities of crack cocaine between zero and 28 grams. According to the Fourth Circuit this is a statutory penalty modification and even defendants whose offenses remain in the same subsection after Section 2's amendments are eligible for relief.

It is respectfully requested that the Court consider the holding in *Woodson* and its reasoning and hold that Mr. Agostini's conviction under 21 U.S.C.§841 (b) (1) ( C ) is a "covered offense" under the FSA and that he is eligible for the relief sought in this motion.

Respectfully submitted,

Richard H. Rosenberg

---

The Government is directed to respond, by August 5, 2020, to the matter set forth above.

**SO ORDERED.**

July 1, 2020
DATE

Victor Marrero
U.S.D.J.