USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :     00 CR 237(VM)
      -against-                    :     ORDER
                                   :
ADRIAN AGOSTINI,                   :
                                   :
            Defendant.             :
-----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

Defendant Adrian Agostini ("Agostini") moves for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582") due to the risks presented by the ongoing COVID-19 pandemic and his medical conditions, as well his prison record and the amount of time he has already served. (See "Motion," Dkt. No. 659.) Agostini is currently serving a sentence of 300 months' imprisonment at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), following his conviction by a jury for one count of assault in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2, and one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1). He is scheduled to be released from custody around February 4, 2023. Upon his release, his six-year term of supervised release is scheduled to commence. The Government opposes Agostini's Motion. (See "Opposition," Dkt. No. 663.) Based on

1

a review of Agostini's Motion and accompanying exhibits, the Government's Opposition, and the relevant case law, the Court will deny the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). A court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Section 3582(c) authorizes courts "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, No. 19-3218-CR, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020). "Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline [Section] 1B1.13, limits the district court's discretion." Id. If the Court concludes that extraordinary and compelling reasons exist, the Court may only reduce a term of imprisonment "after consideration of the factors set forth in [18 U.S.C. Section] 3553(a)"

2

("Section 3553(a)"). Section 3582(c)(1)(A).

As an initial matter, it is not clear that Agostini has satisfied the statute's exhaustion requirement. Administrative exhaustion requires that an inmate appeal a warden's denial of relief to the Regional Director of the United States Bureau of Prisons ("BOP") within twenty days. See 28 C.F.R. § 571.63(a) (providing that denials of compassionate-release requests are governed by the BOP's Administrative Remedy Program); id. § 542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). Following that step, if the Regional Director denies the inmate's request, the inmate has thirty days to appeal to the BOP General Counsel. Id. § 542.15(a). The "[a]ppeal to the [BOP] General Counsel is the final administrative appeal." Id.; see also id. § 571.63(b). Here, the Warden of FCI Loretto denied Agostini's request on August 20, 2020, and Agostini has not provided any information to the Court regarding steps taken to appeal the Warden's decision.

Regardless, the Court is not persuaded that extraordinary and compelling circumstances warrant Agostini's release. Agostini identifies heart-related issues with which

3

he has been diagnosed, his history of high blood pressure, and recently elevated blood pressure. He argues that these conditions place him at an increased risk of suffering severe illness and death if he contracts COVID-19. He also explains that the conditions of incarceration facilitate the spread of COVID-19, leading to significantly higher rates of infection in BOP facilities than in the United States as a whole. He describes the shared living spaces at FCI Loretto, the movement of staff throughout the prison units, and other features of his confinement at FCI Loretto that may facilitate the spread of COVID-19. He notes that the number of confirmed positive cases at that facility increased from zero to fifty-five between July 17, 2020 and August 8, 2020. He also notes that the BOP has acknowledged that not all inmates with symptoms consistent with COVID-19 are being tested, suggesting that the data provided by the BOP underreports the number of COVID-19 cases. Agostini argues that various courts have held that such circumstances warrant release.

Currently, however, no inmates and only seven staff members are testing positive for COVID-19 at FCI Loretto.[1] Additionally, although Agostini has potentially serious heart conditions, his medical records indicate that the BOP is

---

[1] See COVID-19: Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Oct. 8, 2020).

4

attentive to his medical needs. Agostini does not contend that he is in need of medical care that the BOP is refusing or unable to provide; nor does he contend that, due to his medical conditions, he is unable to care for himself while incarcerated. The Court is not persuaded that Agostini's medical conditions, the current risk of COVID-19 at FCI Loretto, and his conduct while in prison are so exceptional as to warrant a sentence reduction.

However, even assuming Agostini has demonstrated "extraordinary and compelling reasons" under Section 3582, the Section 3553(a) factors would still weigh against his release on balance. See United States v. Kerrigan, No. 16 CR 576, 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying compassionate release based on Section 3553(a) factors "even if" the defendant had demonstrated "extraordinary and compelling reasons"); United States v. Nieves, No. 12 CR 931, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020) (finding that defendant's "serious medical conditions" were "not enough to warrant compassionate release" in light of the Section 3553(a) factors). First, the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" counsels against releasing Agostini to home confinement. Section 3553(a)(2)(A). The 300-month sentence the Court previously imposed represented a

5

significant upward departure intended to reflect the particularly heinous and violent nature of Agostini's crimes, his lack of remorse, and his intentionally false trial testimony.[2] (Sentencing Tr. at 44:13-47:8.) Second, the need "to afford adequate deterrence to criminal conduct," including "to protect the public from further crimes of the defendant," also counsels against a sentence reduction. Section 3553(a)(2)(B)-(C). Agostini sought to "ingratiate himself with the leader and managers" of a "large-scale drug operation" to become "more centrally involved in the crew's operations." (Sentencing Tr. at 32:9-12, 45:14-18.) On or about March 18, 2000, Agostini and others beat and stabbed a person Agostini believed had insulted him. (See Presentence Report ¶¶ 45-48.) After other gang members stopped, Agostini slit the victim's throat with a knife and bragged that he had opened up his victim "like a pig." (See id. ¶ 47.) While the Court recognizes and commends the steps Agostini has taken to rehabilitate himself -- including by obtaining his GED and participating in numerous educational programs regarding alternatives to violence and drug avoidance -- the simple fact remains that Agostini participated in a large-scale and long-running drug conspiracy and viciously attacked another

---

[2] At sentencing, the Court found that the applicable Guidelines range was 210 to 262 months' imprisonment. (Sentencing Tr. at 42:16-17, 22-24.)

6

person. In short, the Court is not persuaded that a reduced sentence would adequately reflect the seriousness of the crimes committed, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Adrian Agostini for compassionate release (Dkt. No. 659) is **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         13 October 2020

                                         Victor Marrero
                                           U.S.D.J.