```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,         :
                                  :
                                  :    00 CR 237(VM)
          -against-               :      ORDER
                                  :
ADRIAN AGOSTINI,                  :
                                  :
                    Defendant.    :
----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2020

**VICTOR MARRERO, U.S.D.J.:**

Defendant Adrian Agostini ("Agostini") moves for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (the "First Step Act"). (See "Motion," Dkt. No. 617.) The Government opposes Agostini's Motion. (See "Opposition," Dkt. No. 619.) Having reviewed the submissions from counsel and the United States Probation Office as well as the applicable law, the Court will deny the Motion.

### I.   BACKGROUND

A.   CONVICTION AND SENTENCING

Agostini was convicted by a jury of one count of assault in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 ("Count One"), and one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) ("Count Two").

On April 12, 2005, this Court sentenced Agostini to a

term of 300 months' imprisonment followed by six years' supervised release. The Court issued a written decision explaining its sentencing decision on April 13, 2005. See United States v. Agostini, 365 F. Supp. 2d 530, 538 (S.D.N.Y. 2005). The Court found that the adjusted offense level applicable to Count One was 26. See id. at 538. Finding that the defendant was responsible for approximately one kilogram of heroin in connection with the conspiracy, the Court determined that the base offense level on Count Two was 32. Id. at 535. The Court explained that this calculation was alternatively supported by the fifty grams of crack involved in the conspiracy, or the combination of the crack and heroin quantities involved. Id. Taking into account enhancements for Agostini's possession of a gun in connection with the conspiracy and his obstruction of justice, the Court determined that the adjusted offense level on Count Two was 36. See id. at 537. Applying Section 3D1.4 of the United States Sentencing Guidelines Manual (the "Guidelines"), the Court then concluded that the combined offense level was 36. See id. at 539. Having concluded that Agostini's criminal history category was II, the Court identified the applicable sentencing range of 210 to 262 months. See id.

Based on a consideration of the factors listed in 18 U.S.C. § 3553(a) ("Section 3553(a)"), the Court concluded

that Agostini's conduct warranted an upward departure. See id. at 539-41. The Court imposed a 300-month sentence -- consisting of 180 months' imprisonment on Count One and 120 months' imprisonment on Count Two -- to reflect the "particularly heinous" and violent nature of Agostini's crimes, his lack of remorse, and his intentionally false trial testimony. See id.

Agostini has been in custody since November 14, 2000. He is scheduled to be released from custody around February 4, 2023. Upon his release, his six-year term of supervised release is scheduled to commence.

B.   PRIOR MOTIONS FOR SENTENCE REDUCTIONS

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782 ("Amendment 782"), which modified Section 2D1.1 of the Guidelines to lower the sentencing range for certain categories of drug-related offenses. The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. In an August 13, 2015 Decision and Order, the Court concluded that "had Amendment 782 been in effect at the time of Agostini's sentencing, his base offense level would have been 30 instead of 32, his total offense level

3

would have been 34 instead of 36, and the Sentencing Guidelines range for his sentence, with a Criminal History Category of II, would have been 168-210 months instead of 210-262 months." (See Dkt. No. 592, at 6.) Nonetheless, the Court declined to reduce Agostini's sentence based on a consideration of the Section 3553(a) factors. (See id. at 7-9.) The Court subsequently denied Agostini's motion for reconsideration. (See Dkt. No. 597.)

On October 13, 2020, the Court denied a motion by Agostini for compassionate release, finding that the Section 3553(a) factors counseled against his release to home confinement. (See Dkt. No. 665.)

## II.  LEGAL STANDARD

21 U.S.C. § 841(b) ("Section 841(b)") sets forth the penalties for drug offenses by listing specific sentencing ranges that correspond to different drug quantities. To lessen the sentencing disparities between crack-cocaine and powder cocaine offenses, Congress changed the quantities of crack cocaine that trigger Section 841(b)'s penalty ranges in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"). The Fair Sentencing Act amended the statutory sentencing ranges only prospectively, for individuals sentenced on or after the act came into effect. Dorsey v. United States, 567 U.S.

260, 281 (2012). The First Step Act of 2018 made the Fair Sentencing Act's amendments to these statutory sentencing ranges retroactive to individuals sentenced for violations that occurred before August 3, 2010. See First Step Act § 404(b).

Before the Fair Sentencing Act, under Section 841(b)(1)(A), an offense involving fifty grams or more of cocaine base triggered a sentence of at least ten years' imprisonment and up to life imprisonment. Section 2 of the Fair Sentencing Act raised the threshold quantity for that sentencing range to 280 grams.

Likewise, under Section 841(b)(1)(B), an offense involving five grams or more of cocaine base resulted in a sentence of not less than five and not more than forty years' imprisonment before the Fair Sentencing Act. Now, that penalty range applies to offenses involving at least twenty-eight but less than 280 grams of cocaine base.

Under Section 841(b)(1)(C), a sentencing range of up to twenty years' imprisonment applied to offenses involving less than five grams of cocaine base before the Fair Sentencing Act. That sentencing range now applies to offenses involving less than twenty grams of cocaine base.

To be eligible for a sentence reduction under the First Step Act, a defendant must show, first, that he

5

committed a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a). Second, the offense must have been committed before August 3, 2010. Id. Third, the defendant must not have previously received a sentence reduction under the Fair Sentencing Act or been denied on the merits of a motion for a sentence reduction under the First Step Act. Id. § 404(c).

If a defendant meets these three requirements, the Court may, in its discretion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. § 404(b) (citation omitted). The First Step Act does not, however, require the Court to reduce the sentence of a defendant who is eligible for relief. See United States v. Thomas, 19 CR 3071, 2020 WL 5523527, at *2 (2d Cir. Sept. 15, 2020).

Courts must evaluate First Step Act motions under 18 U.S.C. § 3582(c)(1)(B) ("Section 3582(c)(1)(B)"), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." United States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(B)). Unlike reductions made

pursuant to 18 U.S.C. § 3582(c)(2), reductions under Section 3582(c)(1)(B) need not comport with any Sentencing Commission policy statements. Id. A district court "considering whether to impose a reduced sentence under the First Step Act . . . retains the same discretion under United States v. Booker, 543 U.S. 220 (2005), to vary from the advisory Guidelines that it would have had at the time of the defendant's sentencing." United States v. Moore, 19 CR 1390, 2020 WL 5523205, at *6 n.36 (2d Cir. Sept. 15, 2020).

When "determining whether and to what extent to exercise its discretion under the First Step Act to reduce an eligible defendant's sentence, a district court is not obligated to re-calculate the defendant's Guidelines range except to reflect changes that flow from the Fair Sentencing Act . . . ." Moore, 2020 WL 5523205, at *1 (2d Cir. Sept. 15, 2020). The Court need not conduct "a plenary resentencing." Id. at *6.

### III. DISCUSSION

The parties dispute whether Agostini meets the first eligibility requirement for a sentence reduction, that is, whether he is currently serving a sentence for a covered offense "the statutory penalties for which were modified by" the Fair Sentencing Act.

7

The Government points out that although Agostini was convicted of a drug offense involving crack cocaine, Agostini's offense level for that count was calculated based on judicial findings regarding his actual conduct -- specifically, the Court's finding that he was responsible for the one kilogram of heroin involved in the conspiracy. Agostini responds that, for purposes of determining a defendant's eligibility for a sentence reduction, the Court must focus on the statute of conviction, not the judicial findings of actual conduct that supported the Court's Guidelines calculations at sentencing. Since the initial letter exchange between the parties, the Second Circuit has adopted Agostini's reading of the First Step Act. See United States v. Johnson, 961 F.3d 181, 190 (2d Cir. June 5, 2020) ("[I]t is a defendant's statutory offense, not his or her 'actual' conduct, that determines whether he has been sentenced for a 'covered offense' within the meaning of Section 404(a), and is consequently eligible for relief under Section 404(b).")

The question then becomes whether the First Step Act modified the penalties for the statute that the jury convicted Agostini of violating: Section 841(b)(1)(C). The Second Circuit "has not yet ruled on whether a crack cocaine conviction whose statutory penalty is not provided by Section

8

841(b)(1)(A) or Section 841(b)(1)(B), but instead is provided by Section 841(b)(1)(C), is a 'covered offense' under Section 404 of the First Step Act." United States v. Aller, 00 CR 977, 2020 WL 5494622, at *13 (S.D.N.Y. Sept. 11, 2020). District courts within this Circuit remain divided on the issue. Compare, e.g., id. at *13-14 (concluding that a defendant's 841(b)(1)(C) conviction is a covered offense), with United States v. Jennings, 05 CR 6128, 2020 WL 4390699, at *5 (concluding that a defendant's 841(b)(1)(C) conviction is not a covered offense). The circuit courts that have considered the issue are also divided. Compare United States v. Woodson, 962 F.3d 812, 817 (4th Cir. 2020)(concluding that a violation of Section 841(b)(1)(C) is a covered offense), and United States v. Smith, 954 F.3d 446, 449 (1st Cir. 2020) (same), with United States v. Birt, 966 F.3d 257, 265 (3d Cir. 2020) (concluding that a violation of Section 841(b)(1)(C) is not a covered offense), and United States v. Foley, 789 F. App'x 534, 536 (11th Cir. 2020) (same).

In Smith, the First Circuit reasoned that "[s]ince § 841(b)(1)(C) is defined in part by what § 841(b)(1)(A) and § 841(b)(1)(B) do not cover, a modification to the latter subsections also modifies the former by incorporation." Smith, 954 F.3d at 450. The First Circuit made the compelling practical point that because the statutory drug quantities

9

"likely have an anchoring effect on a sentencing judge's decision making," the increase in the upper bound of the drug quantity from five to twenty-eight grams is significant "even for defendants guilty of distributing less than five grams of crack." Id. at 451. Given this anchoring effect, "even defendants sentenced for crack offenses under Section 841(b)(1)(C) prior to the Fair Sentence Act would have experienced the crack-to-cocaine sentencing disparities that the Fair Sentencing Act and the First Step Act were designed to soften." Aller, 2020 WL 5494622, at *14.

Ultimately, however, the Court need not resolve the question of whether a Section 841(b)(1)(C) conviction is a covered offense at this time. Even assuming that Agostini is eligible for a sentence reduction and accepting his revised Guidelines calculations, the Court declines to grant a reduction in sentence.

Agostini observes that the Court's calculation of his base offense level on Count Two was supported by the Court's finding that the conspiracy involved 50 grams of crack cocaine. See Agostini, 365 F. Supp. 2d at 535 ("The Court finds that this base offense level, although determined above on the basis of the heroin business conducted by the Crew, could alternatively be supported by looking at the total amount of crack involved in the conspiracy, which the Court

10

has previously determined to be fifty (50) grams and which Mr. Agostini had a part in dealing as a member of the conspiracy. . . ."). Agostini observes that fifty grams of crack cocaine resulted in a base offense level of 32 in 2004, but now yields a base offense level of 26. Agostini argues that, assuming application of the previously applied enhancements, his adjusted offense level on Count Two would be 30. He argues that application of Guidelines Section 3D1.4 would yield a combined offense level of 34, which, with a criminal history category of II, results in a sentencing range of 168 to 210 months. The Government does not dispute these calculations.

   Yet, consideration of the Section 3553(a) factors weighs against granting a reduction. Agostini notes that he is now thirty-nine years old and has served a substantial portion of his sentence; earned his GED; and participated in various educational programs, including programs focused on reentry, alternatives to violence, construction management, and cryptocurrency. He is also meeting regularly with a counselor to develop a reentry plan. While the Court commends the steps Agostini has and is taking to rehabilitate himself and plan for his reentry, the Court is not persuaded that a reduced sentence would adequately reflect the "the Section 3553(a) goals of punishment, deterrence, and rehabilitation given the

11

'extreme gravity of the crimes.'" (Dkt. No. 592 (quoting Sentencing Tr. at 44).)

First, the nature of Agostini's offense was "particularly heinous and of exceptional depravity." (Sentencing Tr. at 44.) Hours after Agostini returned from the hospital after the birth of his first child, Agostini slashed a man's throat, inflicting injury that likely would have resulted in the victim's death had a passerby not come to the victim's aid. See Agostini, 365 F. Supp. at 540. Were it not for the passerby, Agostini would have been responsible for murder rather than aggravated assault. See id. Following the assault, Agostini went to a bar where he boasted about his role in the assault in a manner that suggested he believed he had actually killed the victim. See id. And Agostini had endeavored to increase his position within an exceptionally violent gang. See id. The nature and circumstances of Agostini's crimes is unchanged by his rehabilitative efforts and weighs against a sentence reduction.

Even taking into account Agostini's efforts to rehabilitate himself, his history and characteristics continue to weigh against a sentence reduction. The Court has previously observed that Agostini's "Criminal History Category failed to account for the numerous violent narcotics transactions with which Agostini had been involved." (See

12

Dkt. No. 592.) Additionally, rather than demonstrating any remorse for his crime or respect for the rule of law, Agostini provided intentionally false testimony at trial regarding his conduct. See Agostini, 365 F. Supp. at 540.

Finally, the factors listed in Section 3553(a)(2)(B)-(C) -- the need "to afford adequate deterrence to criminal conduct," including "to protect the public from further crimes of the defendant" -- also counsel against a sentence reduction. Agostini participated in a large-scale and long-running drug conspiracy and viciously attacked another person. The Court is not persuaded that a reduced sentence would provide just punishment for the offense and afford adequate deterrence to criminal conduct.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Adrian Agostini for a sentence reduction (Dkt. No. 617) is **DENIED.**

**SO ORDERED.**

Dated:   New York, New York
         19 October 2020

                                    _____
                                    Victor Marrero
                                    U.S.D.J.